In the Matter of the Arbitration between COMPAGNIE FRANCAISE DES PETROLES, Appellant, and PANTEPEC OIL COMPANY, C. A., Respondent.

*Per Curiam.* Article 8 of the sales agreement, under which petitioner agreed to buy and respondent to sell a large quantity of oil during a four-year period, provides that all controversies between the parties shall be settled by arbitration. It reads: " This agreement shall be governed by the laws of the State of New York, United States of America. In case of any disagreement or controversy between the parties hereto with respect to any of the terms, conditions or provisions contained in this agreement or the fulfillment thereof, the parties hereto shall endeavor to adjust the same, and if unable to do so, shall submit the same to arbitration. Such arbitration shall be held in New York City, under and pursuant to the laws of the State of New York, and all questions of law arising in such arbitration and involving the interpretation or application of this agreement shall be decided according to the law of New York."

Petitioner is entitled to a determination as to whether it had willfully defaulted in the removal of and payment for oil. This right would seem, in turn, to depend upon whether the letter of July 24, 1950, and the cable of August 1, 1950, were " protest[s] " within the meaning of article 7 and consequently whether the notification of intent to arbitrate was timely or not. In view of the broad provisions of the arbitration clause (art. 8), these are not topics upon which the Special Term should pass, but they should be reserved to the arbitrator. By the same token the question of whether the sales agreement was rightfully terminated by petitioner on August 11, 1950, should also be left to the arbitrator. All acts of the parties subsequent to the making of this contract, with its all embracing arbitration clause, which raise issues of fact or law are exclusively within the jurisdiction of the arbitrator (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, 80).

The order should be reversed insofar as it fails to grant the full relief sought by petitioner and petitioner's application should be granted in its entirety.

Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.

Order, insofar as it fails to grant the full relief sought by the petitioner, unanimously reversed, with $20 costs and disbursements to petitioner, and petitioner's application granted in its entirety. Settle order on notice.