In the Matter of the Arbitration between ACME BACKING CORPORATION, Respondent, and DISTRICT 65, DISTRIBUTIVE, PROCESSING AND OFFICE WORKERS OF AMERICA, Appellant.

First Department, June 26, 1956.

*Irving Rozen* of counsel (*Weisman, Allan, Spett & Sheinberg,* attorneys), for appellant.

*Leonard L. Berliner* of counsel (*Baer, Marks, Friedman, Berliner & Klein,* attorneys), for respondent.

*Per Curiam.* Respondent union appeals from an order granting petitioner employer's motion to stay arbitration proceedings. In 1953, the parties entered into a collective bargaining agreement to expire on December 31, 1955 covering employees at the employer's Brooklyn plant. Under separate corporate identities, although completely controlled and dominated by petitioner, two other factories are maintained in Missouri and in Connecticut.

On July 1, 1955 the Brooklyn plant was closed, allegedly because of excessive production costs and financial stringency, and manufacturing continued in the out-of-State units. Forty-five employees were discharged and the building, machinery and equipment were sold.

The agreement between the parties provides for arbitration of "Any controversy * * * involving the interpretation or application of this agreement or any breach or threatened breach thereof". It prohibits discharge of employees without "just cause", lockouts, and "without good cause" to have "products presently produced by its employees manufactured for it by other firms when its employees are not working full time."

The union contends that by the summary discharge of its employees, the company has breached its agreement with respect to the prohibited items mentioned in the preceding paragraph and that an arbitrable dispute exists.

While there is no doubt that the employer is not and perforce should not be prohibited from closing its plant, whether the employees were discharged for "just cause", locked out, or whether goods are now being manufactured by others for this employer, are all arbitrable issues.

The broad and comprehensive language employed in the arbitration clause of the contract requires the conclusion that the parties intended to reserve for the arbitrator all issues arising from the agreement and subsequent to its execution. (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76; *Matter of Compagnie Francaise des Petroles* [*Pantepec Oil Co.*], 279 App. Div. 851, affd. 305 N. Y. 588; *Matter of Teschner* [*Livingston*], 285 App. Div. 435, affd. 309 N. Y. 972; *Matter of Potoker* [*Brooklyn Eagle*], 286 App. Div. 733.)

On this record, there are issues raised which come within the exclusive jurisdiction of the arbitrator. The order of Special Term should be reversed and the motion to stay arbitration denied.

BREITEL, FRANK and VALENTE, JJ., concur; PECK, P. J., concurs only to the extent that the court holds there is an arbitrable issue as to a possible violation of subdivision (d) of article 20 of the contract.

Order reversed, with $20 costs and disbursements to the appellant, and the motion denied.