Per Curiam.
 

 The issues raised by the demand for arbitration are within the exclusive jurisdiction of the arbitrator.
 

 The closing of the Brooklyn plant and the continuance of the manufacturing of the products formerly produced in the Brooklyn plant in two factories situated in Missouri and in Connecticut owned by separate corporations but controlled by the petitioner gave rise to disputes concerning contradictory meanings attributed to the following separate articles in the collective bargaining agreement: Clause 1, defining the bargaining unit; clause 4, delineating the rights of management to hire, suspend or discharge employees for cause or lack of work; clause 20, prohibiting a strike or slowdown by union members or a lockout or subcontracting by the employer of the manufacture of products produced in the Brooklyn plant to other plants when petitioner’s employees were not working full time, and clause 22, providing for the responsibility of the parties’ “ successors in interest ”. A resolution of the contentions can only be achieved through an interpretation of the clauses referred to and a declaration of the rights and obligations of the parties. Under the broad language of this contract, any controversies involving the interpretation or application of the provisions of the agreement or any breach thereof are for the arbitrator, not for the courts.
 
 (Matter of Teschner
 
 [Livingston], 285 App. Div. 435, affd. 309 N. Y. 972;
 
 Matter of Compagnie Francaise des Petroles [Pantepec Oil Co.],
 
 279 App. Div. 851, affd. 305 N. Y. 588.)
 

 The order denying the motion to stay arbitration should be affirmed, with costs.
 

 Conway, Ch. J., Desmond, Dye, Fuld, Froessel, Yan Voobhis and Burke, JJ., concur.
 

 Order affirmed.