Charles A. Loreto, J.
Petitioner, the Friedstrass Company, Inc., applies for a stay of arbitration proceedings pursuant to subdivision 2 of section 1458 of the Civil Practice Act.
The petition states that the petitioner was engaged in the wholesale business of selling appliances, housewares and garden supplies for a number of years, maintaining a warehouse in New Brunswick, New Jersey. On January 1, 1957 it closed its warehouse and sold its warehouse inventory to another corporation named Leeds-Fox, Inc. The latter corporation conducted a wholesale warehouse business in Brooklyn, New York, and at times prior thereto competed with the petitioner for business. The employees of the latter corporation had been represented by a different union, the International Longshoremen’s Association.
At the time petitioner’s warehouse was closed it had four employees who were paid their wages in full in addition to vacation pay and severance pay, as provided in the union contract. Its lease on the New Brunswick warehouse was terminated. It has not reopened any business nor engaged in any to this date. Petitioner states that it does not contemplate doing so in the future.
On January 1,1957, there was in effect a collective bargaining agreement between petitioner and the wholesale Warehouse Workers’ Union, Local 65, covering the aforesaid four employees. This agreement provides for arbitration of any dispute, grievance or complaint during the life of the agreement. It also provides that there shall be no strike, lockout or stoppage of work for any reason whatsoever during the term of the agreement.
The union has served a demand for arbitration, setting forth a list of claimed violations of the collective bargaining agreement. It concludes demanding the reinstatement of the four employees with full seniority rights and back pay, together with other benefits.
Petitioner asserts that there is no basis to warrant arbitration, claiming that the collective bargaining agreement has been terminated, is no longer in effect, and that releases have been executed by the four employees named. On the other hand, *123 the respondent union asserts that there was a “ turnover ” in violation of the contract, which presents an arbitrable issue.
The most significant fact upon which the determination of this application must turn is the recital in paragraph 9 of the petition to the effect that the controlling capital stock of Leeds-Fox, Inc., was acquired by a parent corporation several years ago, and that in 1955 the said parent corporation acquired the controlling capital stock of the petitioner.
It is contrary to the principles and instinct of our form of government and in violation of one’s constitutional rights to constrain him to continue the operation of a business that he chooses to close down and discontinue. However, “ While there is no doubt that the employer is not and perforce should not be prohibited from closing its plant, whether the employees were discharged for ‘ just cause ’, locked out, or whether goods are now being manufactured by others for this employer, are all arbitrable issues.” (Matter of Acme Backing Corp. [Dist. 65], 2 AD 2d 61, 62, affd. 2 N Y 2d 963.)
At bar the admitted subsidiary status of both petitioner and Leeds-Fox, Inc., to a common parent organization may lead upon an exploration of all pertinent facts to the conclusion that, in effect, a lockout was consummated in violation of the contract. Even where the contract provides that the employer has the absolute right to go out of business at any time during its term and that such right shall not be questioned, it has been held that an arbitrable question is presented as to whether he has turned over his business to a corporation in furtherance of a scheme to avoid his contractual obligations (Matter of Teschner [Livingston], 285 App. Div. 435, affd. 309 N. Y. 972).
Where it is shown that an agreement to arbitrate exists and that there is an arbitrable dispute, questions of fact and law are for the arbitrators, including questions involving the interpretation of discharge provisions in employment contracts (Matter of Carey [Westinghouse Elec.], 6 A D 2d 582-583).
Matter of Kosoff (“Jones ”) (276 App. Div. 621, affd. 303 N. Y. 663) cited by petitioner, is distinguishable. The corporation in that case was dissolved and the court held that there was no agreement that the employer should be bound by the contract after corporate dissolution and that there was no question of the good faith of the employer corporation in dissolving its corporate existence.
Here an arbitrable question exists. Therefore, the motion is denied.
Submit order.