In the Matter of the Arbitration between FOWNES BROS. & CO., INC., Respondent, and CONSOLIDATED GLOVE CUTTERS AND SHAVERS UNION LOCAL 1714 et al., Appellants.

Third Department, August 15, 1961.

236

*Jacob Sheinkman* and *Clifford D. Reznicek* for appellants.

*Taylor, White & Wilkinson* (*Coleman Taylor* of counsel), for respondent.

TAYLOR, J. On May 18, 1959 Fulton County Glove Manufacturers, Inc., a membership corporation acting in behalf of its members, of which " Fownes " was one, entered into a collective bargaining agreement with " Amalgamated Unions " to expire on March 30, 1961 covering glove cutters and shavers who worked in plants located in Fulton County owned by its members. It is not disputed that Fownes accepted the contract and is bound by its terms.

For many years Fownes had been engaged in the manufacture of gloves in separately operated factories in the Cities of Gloversville and Amsterdam in this State. On or about January 12, 1960 it closed the Gloversville plant allegedly because of existing unfavorable economic conditions, sold or stored the manufacturing machinery which it contained and advertised its building for sale. At about the same time it notified Amalgamated Unions of such determination, discharged its employees, including those employed in the leather cutting and shaving branches of the manufacturing process, and informed them that they might apply for employment in the Amsterdam plant. The petition alleges that seven cutters previously employed in the Gloversville operation accepted the proffered re-employment and thereupon became affiliated with Textile Workers Union of America, the sole bargaining agent for all employees of Fownes in Amsterdam.

The arbitration agreement in question here reads: " A. Any complaint, grievance or dispute arising out of or relating directly or indirectly to the provisions of this Agreement, or the interpretation or performance thereof, shall, in the first instance, be taken up for adjustment between the representatives

of the Union and the Employer or association. B. If they are unable to adjust the same, the matter shall be referred to arbitration upon giving five (5) days notice in writing to all the interested parties, to an arbitrator appointed by the supervising Mediator of the Albany Office of the New York State Board of Mediation, from among its staff of arbitrators.'' Its provisions further require the employer to recognize the union as the exclusive bargaining representative of workers employed as cutters and shavers with reference to wages, hours and working conditions, prohibited lockouts and the discharge of employees '' except for just cause and upon prior notification to the Union '' and granted to union representatives '' after first notifying the local plant office of the Employer * * * the right to enter the plant * * * for the purpose of investigating any grievance, complaint or any other matter involving the relations between the Employer and the employees.'' In an attempt to resolve the matters in dispute, conferences were held between officials representing the respective parties but no adjustment was reached.

On or about May 18, 1960 the union served a notice of arbitration on Fownes alleging its breach of the arbitration agreement in the following particulars: '' 1. Improperly engaging in a lockout; 2. Improperly discharging its employees; 3. Failure to pay the proper wages to its employees; 4. Failure to recognize the Union; and 5. Failure to allow the Union representative to enter your premises.'' Fownes thereupon moved to stay the arbitration proceeding. Special Term held that there was no '' bona fide dispute between the parties here which should be the subject of arbitration '' and granted Fownes' application.

The collective bargaining agreement provides for the submission to arbitration of all grievances in the categories which it describes and of all questions of contract interpretation and performance. On their face, the grievances complained of are within the scope of the contract. Whether or not they are meritorious and were, in the circumstances presented, within the contemplation of the parties are for determination by the arbitrator and their intrinsic rightness or wrongness may not be weighed by the court. In our judgment the order of Special Term was error. (*Matter of Acme Backing Corp.*, 2 A D 2d 61, affd. 2 N Y 2d 963; *Matter of Potoker [Brooklyn Eagle]*, 286 App. Div. 733, affd. 2 N Y 2d 553, certiorari denied 355 U. S. 883; *Matter of Lipman [Haeuser Shellac Co.]*, 289 N. Y. 76; *Matter of Compagnie Francaise des Petroles [Pantepec Oil Co.]*, 279 App. Div. 851, affd. 305 N. Y. 588; *Matter of Teschner [Livingston]*, 285 App. Div. 435, affd. 309 N. Y. 972.)

The order should be reversed and the motion denied, without costs.

BERGAN, P. J., HERLIHY and REYNOLDS, JJ., concur.

Order reversed and the motion denied, without costs.