REED v. FENN et al. MOSHER v. SAME. DOWNEY v. SAME.

(Supreme Court, Appellate Division, Fourth Department. May 12, 1910.)

1. DEPOSITIONS (§ 38*)—EXPENSE OF TAKING—EXPENSES OF ADVERSE PARTY.
    Code Civ. Proc. § 893, provides for a commission to examine witnesses orally, or to take the depositions of witnesses designated in the order, partly orally and partly upon written interrogatories, or one or more of the witnesses orally and others upon written interrogatories. Section 894 provides for an open commission to examine witnesses without the state, in granting which the court may impose such terms as it deems proper. *Held*, that while primarily the commission should issue upon written interrogatories, whether the order is for the examination of designated witnesses orally, or of such witnesses as may be produced by either party before the commissioner, it should be issued only upon proper terms, and, if the personal attendance of the opposing party is deemed desirable or proper, he should be paid the costs and expenses necessarily to be incurred to protect his rights.
    [Ed. Note.—For other cases, see Depositions, Dec. Dig. § 38.*]

2. DEPOSITIONS (§ 56*)—TIME AND PLACE OF TAKING—NOTICE TO ADVERSE PARTY—SUFFICIENCY OF NOTICE.
    Code Civ. Proc. §§ 896, 899, provide that, whenever a commission is issued to take testimony without written interrogatories, notice of the time and place of the examination, naming the witnesses, must be served at least five judicial days before the deposition is taken, and one judicial day in addition for each 50 miles by the usual route of travel between the residence of the attorney for the adverse party and the place where the deposition is taken. *Held* that, where a place at which an oral examination was held by a commission on plaintiff's application was 800 miles from the place of trial, defendant was entitled to 21 days' notice of the time and place of taking the deposition, instead of 5 days' notice.
    [Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 99–101; Dec. Dig. § 56.*]

    Robson, J., dissenting.

Appeal from Special Term, Monroe County.

Separate actions by Edgar P. Reed, by Gilbert E. Mosher, and by Frank H. Downey, against Albert O. Fenn and others. From an order granting a commission on plaintiffs' application upon oral questions to designated witnesses, defendants appeal. Affirmed, as modified.

See, also, 120 N. Y. Supp. 972.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Fred C. Goodwin, for appellants.
James M. E. O'Grady, for respondents.

SPRING, J. Each action is to recover a large sum, being the purchase price of bonds, upon the ground that the investment was induced by the fraudulent representations of the defendants.

An order to show cause was granted upon the application of the plaintiff, returnable at a Special Term of this court on the 30th day of April, 1910, why an order should not be made directing the issuance of a commission to Sears Lehman, of the city of St. Louis in the state of Missouri, for the examination of five designated witnesses residing in said city. Affidavits in opposition to the application were presented in Special Term upon the return of the order to show cause, and the court made the order directing the commission to issue. The order contained the following provision:

"This order is made upon condition that the plaintiffs pay to the defendants the sum of one hundred dollars ($100) as and for the counsel fees and expenses of executing said commission to abide the event of said actions pro rata. The imposition of said terms is, however, conditioned upon the return of the said commission and depositions thereunder in time to be read upon the trial of the first of these actions which is tried, and also upon the condition that the defendants accept five days' notice by mail of the time and place of taking said depositions."

I think the affidavits were sufficient to justify the court, in its discretion, to order the commission to issue. Deery v. Byrne, 120 App. Div. 6, 104 N. Y. Supp. 836.

The allowance made, is however, inadequate, and the limitation of the notice to five days by mail unauthorized.

Section 893 of the Code of Civil Procedure provides for the issuance of a commission to examine witnesses "upon oral questions," or to take the deposition of one or more witnesses designated in the order "partly upon oral questions and partly upon written interrogatories," or one or more of the designated witnesses upon oral questions and one or more upon written interrogatories. Section 894 provides for the issuance of an open commission to examine witnesses without the state, and in the granting of which the court may impose such terms as it "deems proper."

There are, therefore, two distinct provisions in regard to the taking of depositions without written interrogatories. In section 894, where the examination is to be conducted exclusively upon oral questions, the names of the witnesses apparently need not be designated in the order, and in that respect there seems to be no distinction between oral questions and an open commission granted pursuant to section 894. Whether the order permits the examination of designated witnesses orally or the examination of such witnesses as may be produced by either party before the commissioner, the imposition of proper terms should still follow the granting of the order. Primarily the commission should issue upon written interrogatories. If a party to an action desires to depart from this rule, and the personal attendance of the opposing party is deemed desirable or proper, then that opposing party should be paid sufficient for the costs and expenses which will be incurred in order to protect his rights. Gowans v. Jobbins, 125 N. Y. St. Rep. 842, 91 N. Y. Supp. 842; Ingham v. Herkimer County Light & Power Co., 125 App. Div. 904, 109 N. Y. Supp. 1133; Risley

v. Harlow, 105 App. Div. 628, 94 N. Y. Supp. 1161; Grant v. A. Booth Co., 119 App. Div. 918, 105 N. Y. Supp. 1118.

On the question of notice, section 896 is applicable whenever the commission is "to take testimony without written interrogatories" in pursuance of either of the two sections mentioned, and provides:

"Notice of the time and place of the examination of a witness, by virtue thereof, naming the witness, must be served as prescribed in section eight hundred and ninety-nine of this act."

Section 899 requires notice of the time and place of taking a deposition, "specifying the name of the witness" with other requirements noted in the section. It then provides:

"The time for serving such a notice must be, at least, five judicial days before the deposition is taken; and one judicial day, in addition, for each fifty miles, by the usual route of travel, between the residence of the attorney for the adverse party, and the place where the deposition is to be taken."

This is an imperative requirement of the statute. St. Louis is distant 800 miles from Rochester, so that the defendants are entitled to 21 days' notice of the time and place of taking the deposition, instead of 5 days, as specified in the order. This is a wholesome provision of the statute and still further emphasizes the proposition that, where a party to an action obtains an open commission or one on oral questions, it is in the nature of a favor to him, and the rights of his adversary must be carefully guarded; and whatever reasonable expenses are incurred by reason of this favor must be assured to him.

The respondent contends that the appellants asked for the payment of their costs and expenses when not entitled to be reimbursed at all, and the court had the power, as a condition of granting that request, to limit the time of the prescribed notice. As already observed, I think the same rule applies whether the examination is orally made of designated witnesses or orally made of witnesses not named in the order. In the latter case they must be specified in the notice (Code, § 899), and, as noted above, this court has uniformly imposed the payment of a sufficient sum to cover the costs and expenses as a condition of granting such order. In any event, the court exceeded its discretion; for limiting the time to attend the taking of depositions in three important actions to five days, with a hearing 800 miles from the place of trial, is too great a lessening of the prescribed time. The Legislature has fixed the time for the notice, and that should be adhered to.

The order should be modified by striking out the provisions with reference to allowance for counsel fees and expenses, and also that part requiring the defendants to accept five days' notice by mail of the time and place of taking the depositions, and by substituting in lieu thereof, as a condition of granting the order, that the plaintiffs pay $200, one-third in each action, and the expenses of one attorney going to and from St. Louis, and while necessarily attending the taking of the depositions, and, as so modified, the order should be affirmed, without costs of this appeal to either party; the form of the order to be settled before Mr. Justice SPRING on two days' notice. All concur, except ROBSON, J., who dissents.