JAMES C. DAYTON, as Executor, etc., of KATE McCALLUM PAGE, Deceased, Respondent, Appellant, *v.* GRACE G. FARMER, Appellant, Respondent.

Fourth Department, May 3, 1922.

Depositions — under Civil Practice Act, § 302, party has no absolute right to oral examination of witness without State — terms properly imposed upon granting such privilege — rule as to terms under Code of Civil Procedure not adhered to under Civil Practice Act.

Under section 302 of the Civil Practice Act, a party to an action has no absolute right to have an oral examination of a witness without the State, and where the court grants such privilege to a party, it may properly impose as a condition that he pay to the opposite party a reasonable sum to cover the additional expense of counsel attending the examination outside the State, but nothing more.

The rule, where an open commission was issued under the provisions of the Code of Civil Procedure, requiring the moving party to pay his adversary his costs and expenses in connection therewith, sometimes including counsel fee, should not be rigidly adhered to under the Civil Practice Act.

APPEAL by the defendant, Grace G. Farmer, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 6th day of March, 1922, ordering the taking of depositions on notice by the plaintiff.

Appeal by the plaintiff, James C. Dayton, from so much of said order as requires the plaintiff to pay to the defendant $100 or any sum or sums in full for the expenses and counsel fees of defendant's attorneys in attending the taking of depositions of witnesses in Florida.

*Simon Fleischmann* [*Martin Clark* of counsel], for the plaintiff.

*McLaughlin, Russell & Sprague* [*Thomas R. Wheeler* of counsel], for the defendant.

KRUSE, P. J.:

The plaintiff, desiring to obtain the testimony of certain witnesses in the State of Florida, gave notice of the taking of such testimony in that State, as provided by section 290 of the Civil Practice Act. Thereupon the defendant, pursuant to section 291 of the Civil Practice Act, obtained an order to show cause at Special Term why such notice should not be vacated or modified and the testimony taken upon written interrogatories, or be granted upon condition that the testimony be taken only upon payment by plaintiff of the necessary traveling expenses of an attorney for the defendant in Florida and the return and an allowance for expenses while· necessarily engaged in taking the testimony in Florida, besides a reasonable counsel fee.

Upon the return of such order to show cause the Special Term directed that the notice of taking such depositions stand, on condition that plaintiff pay $100 for expenses and counsel fee of defendant's attorney in attending the taking of such depositions, which, as the order provides, is to be taxed as a disbursement if defendant is finally successful in the suit.

Neither party was satisfied with the order, the defendant contending that the allowance was insufficient, while the plaintiff contends to the contrary, and further, that the Special Term was without authority to impose any condition.

Application having been made to stay the taking of depositions, this court directed that such stay be denied in case a stipulation be filed, to the effect that the propriety of the order appealed from might be reviewed upon appeal, notwithstanding the taking of such testimony, and further provided that the defendant might submit an affidavit as to costs and disbursements incurred by her in taking such depositions. Such stipulation was made and the testimony taken.

The defendant appeals from the entire order of the Special Term and the plaintiff from such part thereof as requires the payment by

plaintiff of the allowance to the defendant for expenses and counsel fee in taking the testimony.

A party may now take such testimony by simply giving notice or by obtaining an order of the court therefor in the first instance. (Civil Practice Act, §§ 288, 290, 292.) Where he proceeds by notice a motion may be made to vacate or modify the same. (Civil Practice Act, § 291.)

While plaintiff was entitled as a matter of right to take the depositions of the Florida witnesses in that State by giving notice, as was done, he did not have the absolute right to have the same taken upon oral examination of the witnesses. That would be so if the testimony was to be taken within the State. Section 302 of the Civil Practice Act so provides, unless the parties otherwise stipulate, but that section also provides that if the testimony is to be taken without the State the court in which the action is pending or may be brought, upon motion, may order the taking of the testimony, wholly or partly, upon written interrogatories.

And section 294 provides that an order for the taking of testimony by deposition, or an order denying a motion to vacate a notice may prescribe terms and conditions not inconsistent with article 29 of said act, and if the testimony is to be taken wholly or partly upon oral examination, provision is made for notice of the time and place, which the court, in its discretion, may fix.

Rule 124 of the Rules of Civil Practice supplements this provision by providing that if the court or judge before whom the motion is made to vacate, modify or limit the notice, shall deem that the testimony sought to be taken is not material or necessary for the party who served the notice, or for any reason that the interests of justice would not be subserved by such examination, an order may be made vacating and setting aside the notice or limiting the scope of the examination, and if the court or judge shall deem that the testimony should be taken at a time or place, or before a person, other than specified in the notice, an order may be made fixing a different time or place, and designating some other person to take the deposition and imposing reasonable terms or conditions.

We are of opinion that the Special Term had power to impose reasonable terms upon the defendant as a condition of taking the testimony upon oral examination, or, in the alternative, require it to be taken upon written interrogatories.

Where an open commission was issued under the provisions of the Code of Civil Procedure it was usual to require the moving party to pay his adversary his reasonable costs and expenses in taking the same (*Reed* v. *Fenn*, 138 App. Div. 417; *MacDonald* v. *Wills &*

*Co., Ltd.*, 196 id. 914, 915), sometimes including counsel fee. (*Deery v. Byrne*, 120 App. Div. 6.)

I think this rule should not be rigidly adhered to under the Civil Practice Act. Defendant claims she necessarily employed counsel in Florida to attend the examination and has incurred a retainer fee of $250 and several hundred dollars in addition for legal services. I think this claim should not be allowed. Ordinarily no allowance is made to counsel for the adverse party in taking testimony before trial anywhere in the State, nor for any other like services. The $100 allowance made by the order would seem to cover the additional expense of counsel in attending the examination outside of the State. At least there is nothing to indicate that it is not enough. No additional allowance should be made. The testimony has been taken under the order, so that the only question involved here is the terms of the conditions imposed. We think the court had power to impose the conditions and we cannot say that the terms imposed are inadequate.

The order seems to make the allowance dependent upon the defendant's succeeding in the action. We think the allowance should be absolute as a condition of permitting the depositions to be taken upon oral examination. Both parties having appealed, the order as modified should be affirmed, without costs to either party.

All concur.

Order modified so as to make the allowance absolute instead of dependent upon the defendant's succeeding in the action, and as so modified the order is affirmed, without costs of this appeal to either party.