BIEBER-ISAACS CO., INC., Plaintiff, *v.* PHILADELPHIA FIRE AND MARINE INSURANCE COMPANY, Defendant.
BIEBER-ISAACS CO., INC., Plaintiff, *v.* AGRICULTURAL INSURANCE COMPANY, Defendant.

Supreme Court, Monroe County, June 29, 1925.

Depositions — examination before trial — motion to vacate or modify order for oral examination without State under Civil Practice Act, § 291, so as to require use of written interrogatories and payment of expenses and compensation of counsel, denied.

A notice for an oral examination outside the State will not be vacated or modified in the discretion of the court under section 291 of the Civil Practice Act so as to require the examination to be taken upon written interrogatories and the payment of the expenses and compensation of counsel in attendance upon the examination, where the cause of action upon a policy of fire insurance, though accruing in the State where the examination is to be conducted, was commenced in this State where the venue was laid by virtue of the assignment to a corporation located here.

MOTIONS by the plaintiff to vacate or modify notices for oral examination of witnesses outside of State.

*Gilbert & Gilbert,* for the plaintiff, for the motion.

*Cobb, Cosgrove & Kimball,* for the defendants.

RODENBECK, J.:

It is within the discretion of the court to impose terms where the testimony is to be taken orally outside the State. Where the testimony is to be taken pursuant to notice (Civ. Prac. Act, § 290), as in this case, section 291 controls but the power to prescribe terms referred to in section 294 where the testimony is taken pursuant to an order still exists and should apply to the order made on a motion to vacate or modify. Still the power of the court is

discretionary and pecuniary terms ought not to be imposed except in a meritorious case in the interest of justice. Such a situation does not exist here. No question is raised by the motion to vacate or modify except as to the allowance of compensation and expenses and as to the necessity for an oral examination rather than an examination upon written interrogatories. Oral examinations are favored and moving parties should not be required to resort to written interrogatories except when just as effective. (Civ. Prac. Act, §§ 290, 302.) The court may, but is not required, to direct that examinations out of the State shall be upon written interrogatories. (Id. § 302.) The matter of allowances for oral examinations outside the State and requiring written interrogatories rests in the discretion of the court, which in this case should be resolved in favor of the defendants. They should not be discommoded or penalized by the assignment of the claims. That act has given the plaintiff the right to commence its actions in New York State but the actions are California actions. The property insured is located there. The fire occurred there. All the witnesses relating to the origin of the fire, one of the main issues, reside there and the defendants should not be deprived of the obvious advantage of examining orally the witnesses in California because the insured by assignment has enabled the plaintiff to commence the actions in New York State. Plaintiff's attorneys claim that the expense to the plaintiff of taking the depositions in California will be $6,278.26. The plaintiff could have avoided this expense and permitted the case to be tried by an examination of the witnesses in open court where they reside by suing in California, but having chosen to sue in New York State, it should not complain of the expense of attending an examination in California, a situation of its own creation, nor should the defendants be required to resort to the cumbersome and unsatisfactory method of examination by written interrogatories involving the difficult issues in this action. (*Dayton* v. *Farmer*, 201 App. Div. 239.) Motion to vacate and modify denied, with ten dollars costs, the testimony in both actions to be taken at the same time.

So ordered.