CORNELIUS SMITH, Plaintiff, *v.* NINTH AVENUE RAILROAD COMPANY, Defendant.

Supreme Court, New York County, June 20, 1927.

**Depositions — commission on written interrogatories to examine nonresident — defendant permitted to orally cross-examine witness if plaintiff is permitted to conduct redirect examination of witness and expenses thereof are paid by defendant.**

Plaintiff is granted a commission on written interrogatories to examine a practicing physician, now a resident of Massachusetts. Defendant's request to cross-examine said witness orally is granted in the event plaintiff be permitted to conduct a redirect examination orally, reasonable counsel fees and expenses thereof to be borne by defendant.

MOTION for commission on written interrogatories.

*O'Brien, Malevinsky & Driscoll,* for the plaintiff.

*Michael Kirkland,* for the defendant.

LEVY, J.   Plaintiff moves for a commission on written interrogatories to examine a resident of Arlington, State of Massachusetts, as a witness on his behalf, and for a stay of the trial until the return of the commission.   The witness is a practicing physician in the town of Arlington, but at the time plaintiff was injured in 1924 he resided and had his office in the city of New York.   Defendant states " that while the defendant does not oppose the taking of the deposition of the witness as sought by the plaintiff upon the present motion, it does respectfully insist that the interests of the defendant would not adequately be protected by proposing cross-interrogatories, but that it should have the right to cross-examine such witness orally, and that an allowance be awarded the defendant for counsel fees and expenses in connection therewith."

I think that defendant's request should be granted to the extent of permitting oral cross-examination, provided that plaintiff be permitted to conduct the redirect examination orally also, and that the defendant pay the reasonable counsel fees and expenses thereby incurred by plaintiff.   In *Matter of Interocean Mercantile Corporation* (207 App. Div. 164) an application for an open commission was granted because of the hostility of the witnesses sought to be examined, but the applicant was compelled to pay the expenses and counsel fees of his adversary.   In *Cooke* v. *Cooke* (219 App. Div. 809) the Appellate Division in this department permitted an examination on open commission at the request of the adverse party, but required each of the litigants to pay its own expenses.   This holding would seem to require the defendant to at least pay its own expenses.   In that case, however, the party seeking the examination was the plaintiff's husband, and it may well be he was required to pay his own share of the expenses because of the fact that he was under a duty to support the wife.   Moreover, in that case the entire examination, both direct and cross, was directed to be oral, and this would appear to be an additional circumstance justifying the plaintiff's sharing in the expenses.   I think here the defendant ought to bear, in addition to the cost of the cross-examination, the expenses of the oral redirect examination which is made necessary by its demand for oral cross-examination.

The motion is granted to the extent and on the conditions indicated.   Settle order.