ANNA RICHTER and JACOB RICHTER, Plaintiffs, *v.* 44 WEST 175TH STREET CORPORATION, Defendant.

City Court of New York, Special Term, Bronx County, May 7, 1937.

*Louis A. Breslerman,* for the plaintiffs.

*Sydney Rosansky,* for the defendant.

DONNELLY, J. The action is to recover for personal injuries alleged to have been sustained by the plaintiff Anna Richter and for loss of services alleged to have been sustained by the plaintiff Jacob Richter. Plaintiffs move to examine under oath on written interrogatories and cross-interrogatories, at Wichita, Kan., Dr. M. Lattman, who, it is alleged, treated the plaintiff Anna Richter for the injuries of which she complains. At the time of the accident Dr. Lattman resided in the city of New York; since then he has become a resident of Wichita, Kan.

In the affidavit submitted herein on behalf of defendant, it is requested that if the court see fit to grant the application, " terms be imposed upon the plaintiffs sufficient to compensate the defendant for the necessity of engaging counsel at the place where the testimony is to be taken in order adequately to raise any objection to improper questions which may be put to the witness, and, further, adequately to guard the defendant's interest in this matter."

So far as guarding against the danger of improper questions put to the witness is concerned, that may be obviated upon the settlement of the interrogatories. Before the commission is transmitted to Wichita the questions to be propounded to the witness will be definitely settled both in number and in character. There does not seem to be any necessity for the presence of counsel on behalf of either of the parties at the time the depositions on a closed commission is taken. The situation, so far as the presence of counsel is concerned, may be different if the deposition were to be taken on an open commission. In *Smith* v. *Ninth Avenue R. R. Co.* (129 Misc. 794) plaintiff moved to take the deposition of a witness in Arlington, Mass., on written interrogatories. Defendant did not oppose the application, but insisted that, as the interests of the defendant would not adequately be protected by cross interrogatories, it should have the right to cross-examine such witness orally and that an allowance be awarded defendant for counsel

fees and expenses in connection therewith. It was held that defendant's request should be granted to the extent of permitting oral cross-examination, provided that plaintiff be permitted to conduct the redirect examination orally also, and that defendant pay the reasonable counsel fees and expenses thereby incurred by plaintiff. In *Matter of Interocean Mercantile Corp.* (207 App. Div. 164) an application for an open commission was granted because of the hostility of the witnesses sought to be examined, but the applicant was ordered to pay the expenses and counsel fees of his adversary. At bar, plaintiffs are entitled as a matter of right to take the deposition of the non-resident witness. They have not the absolute right to take the deposition upon an oral examination of the witness. Had they insisted upon an open commission, it would be proper as a condition that they pay the defendant a reasonable sum to cover the additional expense of attending the examination outside the State. (*Dayton* v. *Farmer*, 201 App. Div. 239.)

Motion granted. If the interrogatories are not settled by consent, the procedure outlined by rule 126 of the Rules of Civil Practice will have to be followed.