S. Samuel Di Falco, S.
The motion for the issuance of letters rogatory is granted upon the following terms and conditions: If, as the petitioner’s expert states, both parties will have an opportunity under Swiss law and procedure to propound oral questions to the witness, the petitioner may attend or be represented at the examination and he will thus be afforded the cross-examination which he seeks. The granting of the motion is without prejudice to the right of the petitioner to seek further oral examination of the witness if the record of the examination shows that he was not afforded reasonable opportunity for cross-examination (Rasmussen v. New York Central R. R. Co., 275 App. Div. 957, 958). Each party will be required initially to bear his own expenses but, as a condition to granting respondent’s motion, the court will reserve the right to allocate the entire expense of the examination at the conclusion of this proceeding.
The petitioner quite properly asserts that under the circumstances disclosed in the record herein, justice requires that he be given full opportunity to cross-examine the witness whose testimony is sought by the respondent. Such an opportunity would be given to petitioner in an open commission. If the witness would voluntarily attend before an officer designated by this court, it would be possible to take his testimony by open commission (see Goffin v. Esquire, Inc., 271 App. Div. 955). However, the respondent states — and the petitioner does not dispute the fact — that under the law of Switzerland a witness cannot be compelled to attend and be examined except where the examination is held pursuant to letters rogatory (see, also, *651 U. S. Neckwear Corp. v. Sinaco Co., 176 Misc. 51, 52; Matter of Bedford Watch Co., 18 F. Supp. 1009). The respondent’s attorney alleges that he has been advised by the witness that .his sworn testimony can be procured only through letters rogatory. The witness is a Swiss attorney and patently does not intend to submit to any different examination.
The witness is not shown to be under the control of the respondent, and hence the respondent cannot be required to produce him for examination at places other than his residence, or, without his consent, to produce him before an officer who is powerless to execute the commission to take testimony. Our statute says that “Letters rogatory can be issued only to examine one or more witnesses upon written interrogatories annexed thereto ” (Civ. Prac. Act, § 309), and this court may not, therefore, direct that the examination be held upon oral questions. The course of the examination will be governed by Swiss law. Presumably the Swiss court will proceed as described by the Swiss expert, and accordingly the petitioner will be given an opportunity to cross-examine the witness by oral questions. If the ends of justice are not served by the only method of examination seemingly available, there are reserved to the petitioner all rights to take such further proceedings as justice may require.
It is not necessary that the trial of the proceedings be stayed for any fixed period of time or for an indeterminate period. All questions relating to the time for trial of the issues must rest with the court, and need not be determined unless and until the necessity for such decision appears. A. reasonable opportunity will, of course, be given for the completion of the examination. That part of the motion which seeks a stay of the trial, is denied.
Submit order on notice accordingly.