Johu D. Beknett, S.
This is a notice of motion on behalf of John F. Bussell, one of the legatees under the propounded instrument, for an examination before trial of the contestant herein as an adverse party, and also for an examination before trial of Ethel Storm, a resident of York, Pa., as a necessary witness on open commission (Civ. Prac. Act, §§ 288, 294).
The question presented by this probate is whether the will was revoked by the deceased prior to her death. The signature at the end of the instrument offered for probate has lines drawn through it.
The movant desires to examine the contestant and the witness as to “ all the relevant facts and circumstances of the drawing of lines through the signature of the decedent on the paper writing offered for probate in this Court as the last will and testament of the above named decedent; as to any conversations had at any time between the said Ethel S. Cissel and the above *68 named decedent with respect to the last will and testament of the decedent and any statements at any time made by the above named decedent to said Ethel S. Cissel or to any other person concerning the said instrument or any other last will and testament of the decedent; and further directing that, unless Ethel Storm, residing at York, Pa., voluntarily appear at the same time and place and submit to examination, as witness, as to the aforesaid matters, an open commission issue to a qualified person at York, Pa., to take and state the deposition of said Ethel Storm, as witness, as to the matters above mentioned ”.
The court is of the opinion that the examination of both parties is material and necessary, and grants the examination of the contestant as an adverse party as to all the relevant facts and circumstances of the drawing of lines through the signature of the decedent on the propounded instrument, and as to any conversations had between the contestant and the decedent with respect to the propounded instrument or to any statements made by the decedent with relation to the propounded instrument to any other person of which Ethel S. Cissel has knowledge. She is directed to appear in this court at the time and place set forth in the order.
An examination of the witness, Ethel Storm, upon open commission has been requested by the movant with all expenses in connection with said commission to be paid out of the funds of the estate. The contestant has however stressed that if any open commission be allowed, the expenses of such commission should be imposed on the petitioner. The general rule has been stated in the following language: ‘ ‘ Where an oral examination outside the State is ordered, the court, in the exercise of discretion, may require either party to pay the expenses of his adversary, but in the absence of unusual circumstances the policy of the courts has been to require the moving party to pay the expenses of examination (citing cases) ” (Cole v. Manufacturers Trust Co., 253 App. Div. 749).
The court is of the opinion that here it would be unfair to burden the petitioner with the entire cost of the commission. It therefore grants an open commission as to all relevant facts and circumstances of the drawing of lines through the signature of the decedent on the propounded instrument, and as to any conversations between the deceased and Ethel S. Cissel or any other person concerning the propounded instrument of which the witness has any knowledge. The petitioner and contestant are directed to pay their own expenses, the same, in the court’s discretion, to be taxed as an allowable disbursement upon the entry of a decree herein (Fitzgerald v. Fitzgerald, 262 App. Div. *69 708; Matter of Kadar, 6 Misc 2d 650; Pinkowitz v. California Packing Corp., 126 N. Y. S. 2d 783). The expenses of the remaining parties are directed to be paid out of the funds of the estate.
The contention on behalf of the contestant that the court should deny the relief requested herein, because of the effect of section 347 of the Civil Practice Act, is without merit (Matter of Wilkens, N. Y. L. J., March 16, 1950, p. 952, col. 5.)
Settle order on five days ’ notice.