Benjamin Brenner, J.
Defendant husband, a captain in the United States Army, stationed at Biloxi, Mississippi, seeks a commission for his examination as an adverse party, relative to a hearing to be conducted before an Official Referee, though he readily admits that he can obtain leave to appear at such hearing. The plaintiff wife does not oppose the commission but insists upon an opportunity for cross-examination and therefore requests that the commission be an open one and that the entire expense thereof be borne by the defendant. The hearing is to determine whether the separation decree secured by the wife in this court shall be modified and the support provisions thereof increased, or whether the support provisions thereof be vacated for lack of jurisdiction as requested by the husband.
The husband has himself secured a Nevada decree of divorce. He offers, as an alternative to this motion, that the wife withhold service of process upon him for violation of the support provisions of the decree he challenges, suggesting that if she withholds such service of process he will personally appear at the hearing, thereby making unnecessary the issuance of the commission as well as its burdensome cost.
The defendant is entitled to the issuance of the commission and to have his own testimony taken as an adverse party (Drew v. Drew, 195 Misc. 466). "While the court may exercise discretion as to the expense of such commission, it is usually borne by the party requesting it (Matter of Koerner, 170 Misc. 473; Dayton v. Farmer, 201 App. Div. 239) in the absence of unusual circumstances (Cole v. Manufacturers Trust Co., 253 App. Div. 749). Thus the arrears of alimony due under the decree must be considered as a factor in the exercise of such discretion. Though the arrears per se are not involved in the forthcoming hearing, the court cannot properly exercise its discretion as to the cost *796 of the commission without taking into account all of the circumstances relating to the decree being challenged.
The defendant is making a direct attack upon a decree of this court, an attack which plaintiff is resisting. Plaintiff, in this State, remains defendant’s wife while the decree subsists. She should not be expected to share the defendant’s cost of an attack upon it; nor need she waive her rights while it subsists. Until set aside for lack of jurisdiction, the support provisions of the separation decree of this court are presumed to be valid and, upon violation thereof, enforcible by contempt proceedings. If a foreign decree is entitled to full faith and credit, certainly a New York decree deserves equal treatment. In these circumstances the defendant is in no position to ask the court, whose decree he challenges, to help free him of the expense of that challenge or to help grant him immunity for violation thereof.
Motion is granted upon condition that there be an open commission which will afford the plaintiff’s counsel an opportunity to orally cross-examine, the entire cost of which is to be borne by the defendant (Beder v. Beder, 260 App. Div. 1026); otherwise the motion is denied.
Settle order on notice.