Gf. Robert Wither, J.
Plaintiff has moved to examine before trial by written interrogatories a doctor in North Carolina who treated plaintiff in New York for injuries sustained here. Defendant consents to such examination but asks that the order providing therefor contain the further provision that defendant at its option and own expense may, if it chooses, cross-examine the witness orally. (See Civ. Prac. Act, § 302.)
Since presumably plaintiff knows substantially what the doctor’s testimony will be, and defendant will not know thereof until the doctor answers the questions on the direct examination, it is reasonable that defendant should wish some modification of the usual practice on written interrogatories. (See Tutundgy v. Tutundgy, 253 App. Div. 839.) Plaintiff concedes this but objects to defendant’s oral cross-examination of the witness unless the defendant will pay for plaintiff’s expenses in having counsel present during the cross-examination and able to conduct a redirect oral examination of the witness.
The issue therefore is solely whether the defendant may have the right to cross-examine the doctor orally without paying plaintiff’s expenses to he represented on such oral examination.
The general rule is that the party seeking an oral examination before trial outside the State must bear the expense thereof. (Dayton v. Farmer, 201 App. Div. 239; Gould v. Gould, 243 App. Div. 589; Cole v. Manufacturers Trust Co., 253 App. Div. 749; Goffin v. Esquire, Inc., 271 App. Div. 955 and Etter v. Early Foundry Co., 164 Misc. 88.) The cited cases recognize that in the exercise of sound discretion the court may require either party to pay the expenses of his adversary. (And, see, 5 Carmody-Wait on New York Practice, § 122, p. 587.) In many cases the court has required each party to pay his own expenses of such examination (Bodenstadt v. Parke, Davis & Co., 1 A D 2d 670; Rasmussen v. New York Central R. R. Co., 275 App. Div. 957; Fitzgerald v. Fitzgerald, 262 App. Div. 708; Cooke v. Cooke, 219 App. Div. 809; Matter of Russell, 9 Misc 2d 67; Pinkowitz v. California Packing Corp., 126 N. Y. S. 2d 783; Carver v. Carver, 86 N, Y. S. 2d 15), and in at least one case like *291 the one at bar the court required the defendant to pay the plaintiff’s expenses. (Smith v. Ninth Ave. R. R. Co., 129 Misc. 794, and, see, Richter v. 44 West 175th St. Corp., 162 Misc. 745.)
Without doubt it will be a hardship on the plaintiff to be required at his own expense to be represented in North Carolina on an oral examination of the doctor. Under the circumstances the court will endeavor to devise a plan to meet the objections of both parties. The court proposes that the direct examination of the doctor be had on interrogatories which shall be settled in the usual manner, and submitted to the doctor for answer. The doctor’s answers will then be made available to the attorneys for the parties. Thereafter the defendant’s cross-interrogatories may be prepared, settled, and submitted to the doctor for answer.
If the plaintiff will consent to the foregoing procedure, the same may be embodied in the order to be entered hereon, and defendant’s motion to cross-examine the doctor orally will be denied except upon condition that the defendant pay plaintiff’s expenses, other than counsel fees, in having counsel present upon such oral cross-examination. (See Matter of Corporation Counsel of City of N. Y. v. Smith, 286 App. Div. 561, 567.) If plaintiff declines to consent to the above-suggested order of interrogatories, defendant’s motion to cross-examine the doctor orally upon paying its own expenses only, will be granted.
Submit order accordingly.