Jacob J. Schwabtzwald, J.
Motion by one of the plaintiffs to take the testimony of a coplaintiff as a witness by oral commission or written interrogatories.
*562 The action is for personal injuries as a result of a collision between two automobiles. The actions were commenced separately but were consolidated by order of this court, upon motion of the plaintiff sought to be examined, who has since settled his action and now permanently resides in Arizona. While said plaintiff may not be compelled to attend in this State and will give no assurance of his coming to New York for the trial, he has consented to an examination on written interrogatories, if same are sent to him. Defendants oppose the application and submit the examination should be by oral deposition because of the nature of the testimony to be given and the almost impossible task of properly cross-examining the witness by written interrogatories.
Oral examinations are favored, and written interrogatories are not resorted to unless just as effective or otherwise required by the necessity of the situation presented (Pinkowitz v. California Packing Corp., 126 N. Y. S. 2d 783; Bieber-Isaacs Co. v. Philadelphia Fire & Marine Ins. Co., 125 Misc. 494).
The motion is granted, pursuant to section 302 of the Civil Practice Act, to take the testimony of the witness in Arizona upon written interrogatories to be settled as provided by the Buies of Civil Practice. If defendant prefers, the testimony may be taken in Arizona upon open commission, the necessary disbursements of the attorneys for both sides in attending upon the examination to be paid by their respective clients. The party ultimately successful may tax such payment as a disbursement (Fitzgerald v. Fitzgerald, 262 App. Div. 708; Pinkowitz v. California Packing Corp., supra).
Settle order on notice indicating the method of examination in accordance with the foregoing.