■ COMSTOCK FOODS, INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 35088.) — Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal by claimant from a judgment of the Court of Claims for claimant on a claim for appropriation of realty by State.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ. [18 Misc 2d 519.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCES E. KELLY, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from judgment of Erie County Court convicting defendant of the crime of abortion.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ GLADYS DIEZ et al., Respondents, v. NIAGARA FRONTIER TRANSIT SYSTEM, INC., Appellant.— Judgment unanimously affirmed, with costs. (Appeal from judgment of Niagara Trial Term for plaintiffs, in a bus line negligence action.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ F. R. CARRAO, Appellant, v. HOWARD SOBER, INC., Respondent.— Judgment and order unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment and order of Livingston Trial Term for defendant for no cause of action in an automobile negligence action. The order denied a motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ GLADYS McDOUGAL, Appellant, v. KARL OUDERKIRK, Respondent.— Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal by plaintiff from judgment of Oswego Trial Term for plaintiff in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ GLEN McDOUGAL, Appellant, v. KARL OUDERKIRK, Respondent.— Same decision and like cause of action as in companion case of *McDougal v. Ouderkirk* (11 A D 2d 753).

■ In the Matter of the Arbitration between ROLLWAY BEARING COMPANY, INC., Respondent, and LOCAL No. 798, INTERNATIONAL UNION UNITED AUTOMOBILE, AIRCRAFT, AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, Appellant. — Order unanimously reversed, with $25 costs and disbursements and motion to stay arbitration denied. Memorandum: The question as to whether or not the vacancy in the Romanoff position was to be filled in accordance with article IX, section B of the Collective Bargaining Agreement in the light of past practices and arbitration decisions between the parties was clearly one for arbitration. The case of *Matter of General Elec. Co. (Mann)* (17 Misc 2d 715) is readily distinguishable from the instant case. There the right to subcontract was not arbitrable but here the question was as indicated. (Appeal from order of Onondaga Special Term permanently staying arbitration of a dispute between the parties.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ PHILIP AMIGONE, Respondent, v. ROSE C. GIRARD, Appellant.— Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Erie Special Term striking out defendant's answer, denying plaintiff's prayer for damages and directing defendant to specifically perform a contract to sell.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.