■ NILS JERNBERG, Appellant-Respondent, v. VIRTIS COMPANY, INC., Respondent-Appellant.— Cross appeals from an order of the Supreme Court, Ulster County, directing the issuance of an open commission to take the testimony of one J. Lee Kavanau, a resident of California, and further directing the necessary disbursements of the attorneys for both parties to the sum of $750 await taxation as an allowable disbursement by the party ultimately successful in the action. The record reveals that Kavanau developed laboratory equipment which respondent undertook to manufacture and sell with Kavanau to receive 5% of the selling price of the equipment as a royalty. Kavanau became convinced that he was not being paid the royalties to which he was entitled under the agreement and threatened legal action. Instead of commencing an action, however, Kavanau assigned all his right, title and interest in the agreement to appellant who brought the instant action for an accounting. Respondent in its answer not only denied any misconduct in the performance of its obligations

under the agreement but also questioned the validity of the assignment on the grounds of champerty. In support of the claim of champerty respondent alleges that there exists another agreement which provides that all proceeds of the litigation would be remitted by appellant to Kavanau, that Kavanau would reimburse appellant for his expenses in maintaining the suit and that Kavanau would retain control of the selection of attorneys to prosecute the action. As an additional factor indicating the questionability of the assignment, respondent notes that Kavanau cashed a royalty check sent to him after the execution of the assignment and during the pendency of the present action. Appellant claims that respondent's motive in pursuing an examination of Kavanau is to delay the action and that there is no necessity for or pertinency to such an examination. It is sufficient to point out, however, that there has been raised a real question as to Kavanau's status in the lawsuit and that since he is a resident of California, there is no assurance he will be present at the trial. As between written interrogatories and an open commission, while the former is ordinarily preferred (*Hawkinson* v. *Clayton Packing Co.*, 275 App. Div. 948; *Bieber-Isaacs Co.* v. *Philadelphia Fire & Marine Ins. Co.*, 125 Misc. 494) it is appropriate for the trial court in the exercise of its discretion to order the latter where the circumstances so warrant (*Pinkowitz* v. *California Packing Corp.*, 126 N. Y. S. 2d 783; see, also, *Bennett* v. *Kelly*, 283 App. Div. 945). Considering the issues involved in the present litigation we do not find the trial court's selection of an open commission in preference to written interrogatories to be an improper exercise of discretion. Both appellant and respondent take exception to the order of the court below that the cost of the commission to the sum of $750 be assessed against the unsuccessful litigant in the action. While it is true that ordinarily the party seeking the commission must bear the expenses thereof (see *Cole* v. *Manufacturers Trust Co.*, 253 App. Div. 749), the court entertaining the motion in the exercise of its discretion and considering the circumstances involved may properly require either party to pay the expenses of his adversary (*Cole* v. *Manufacturers Trust Co.*, supra; *Pinkowitz* v. *California Packing Corp.*, supra). Again under the circumstances of this case the court below in its discretion could condition the taxation of disbursements necessary to hold the commission on the outcome of the litigation. We find no merit to respondent's contention that a direction in an order on a prior unsuccessful motion brought by respondent to compel Kavanau to appear in New York which required the expenses of any examination to be borne by appellant was binding on the court below despite the fact that appellant had not taken an appeal from that order. We find no basis for the court deciding the prior motion to assert jurisdiction to assess costs on a prospective motion which was not only not before it but which at that time was not before any court. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.