G. Robert Witmer, J.
On this motion by defendant Marine Distributors, Inc., for an order directing issuance of a commission to take the deposition of William T. Saunders, one of the above defendants, as a witness on behalf of movant, upon interrogatories to be settled, the plaintiffs oppose the motion unless it be conditioned upon movant paying the expenses of an attorney in behalf of the plaintiffs to cross-examine said William T. Saunders in person upon the presentation of the proposed interrogatories to him.
It appears that these actions arise out of a single accident, ■occurring in Schuyler iCounty on July 14,1961, in which plaintiff Byan was operating a vehicle owned by plaintiff Spaulding Bakeries, Inc., when it collided with a tractor-trailer, of which the tractor was owned and operated by said defendant William T. Saunders, and the trailer was owned by movant. The actions have not been consolidated. Movant’s supporting affidavit recites that the three-year .Statute of Limitations had run upon the action against defendant William T. Saunders before the service of the summons and complaint upon him in the first Byan action above. Plaintiffs do not deny this; but it could be that Saunders’ presence in Florida may have tolled the running of the statute in New York.
*1091 At the outset plaintiffs contend that CPLR 3130 denies to one party the right to submit interrogatories in a negligence action to another party thereto, and that since William T. Saunders is a party in one of the above actions, the motion must be denied. That section does not apply in the present situation, for Saunders is a witness, not a party, in the actions to which movant is a party. Moreover, CPLR 3108 expressly authorizes the submission of written questions with respect to out-of-State depositions. Such questions are to be distinguished from the written interrogatories referred to in CPLR 3130. (See 3 Weinsiein-Korn-Miller, N. Y. Civ. Prac., par. 3102.02.) Thus, there is no legal obstacle to movant’s motion.
Although a party seeking an oral examination before trial outside of the State must usually bear the expense thereof, the payment of expenses of an adversary for the oral cross-examination of a witness in a foreign State rests in the sound discretion of the court, depending upon the attendant circumstances. (See Corrao v. Howard Sober, Inc., 11 Misc 2d 289.) In the case at bar Saunders is an essential witness to movant’s defense and counterclaim; and indeed, in the absence of a cross action by movant against him, he is completely identified with movant in these actions. (See Vehicle and Traffic Law, § 388, subd. 1.) Very likely, in these circumstances, he is movant’s witness and movant knows what his testimony will be, and may especially seek the reduction of such testimony to writing for use upon the trial without opportunity to the plaintiffs to confront him with oral cross-examination.
At any rate where movant is so closely identified in interest with the witness as in this case, wherein from every practical view plaintiffs will be prejudiced by the proposed written deposition, and wherein it does not appear to be too great a burden to ask movant to produce said Saunders upon the trial under these circumstances, the motion herein is granted upon condition that movant pay plaintiff’s reasonable expenses, to be settled by the court, to have counsel appear upon the presentation to said Saunders of movant’s proposed interrogatories and for oral cross-examination of him at such time. Of course, if movant chooses, it may also have counsel present, and the proceeding may take the form of an oral examination of Saunders before trial.