LEO COSTIN, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant.—Order unanimously modified and plaintiff's motion denied in accordance with memorandum, and otherwise affirmed, without costs. Memorandum: Defendant appeals from that part of an order of Special Term which granted plaintiff's motion for a protective order against defendant's notice to examine plaintiff before trial and vacated the notice. The order also reserved to defendant the right to arrange for a physical examination of the plaintiff. The action was brought to recover damages for personal injuries suffered by plaintiff when he was struck by one of defendant's vehicles in Erie County. Plaintiff now resides in Tucson, Arizona, and is nearly 90 years of age. Defendant served a notice to examine him before trial in Buffalo, and plaintiff moved for a protective order. In support of the motion plaintiff submitted a medical report by a physician in Arizona of the results of his physical examination of plaintiff. The physician reported that because of plaintiff's advanced years and concomitant physical and mental deterioration, "it would be unwise to subject Mr. Costin to cross-examination in regard to this accident, since he does not possess the memory to recall the event and related events." It is not suggested that the examination of plaintiff before trial will injure his health. Plaintiff's attorney states that he does not intend to call the plaintiff to testify at the trial, and assures the defendant that if he decides to call the plaintiff he will give the defendant an opportunity to examine him before trial before he is presented to testify. We conclude that defendant should have the opportunity to examine plaintiff before trial in Tucson, Arizona, by open commission or by interrogatories, at its election. If the examination is to be by commission, 20 days' notice thereof shall be given to plaintiff's attorneys; if by interrogatories, they shall be settled by court order 20 days before their submission to plaintiff. In either case the questions and answers may then be submitted to the Trial Justice in Erie County, in the absence of the jury during the trial of this action, for rulings which the parties may seek with respect thereto. Each party shall bear his or its own expenses of the examination in Arizona; and the successful party upon the trial shall tax the expenses of the examination as part of his or its costs of the action *(Fielding v Klein Dept. Stores,* 44 AD2d 668; *Dean v Hotel St. Moritz,* 27 AD2d 514; *Corrao v Howard Sober, Inc.,* 11 Misc 2d 289, affd 11 AD2d 753.) (Appeal from order of Erie Supreme Court—protective order.) Present—Marsh, P. J., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD SAMUEL POLITO, Appellant.—Judgment unanimously reversed and indictment dismissed on the ground that the proof adduced at the trial failed as a matter of law to establish defendant's guilt beyond a reasonable doubt. (Appeal from judgment of Monroe County Court—burglary, third degree.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.