In the Matter of the Arbitration between B. F. Currey, Inc., Petitioner, and Charles Reddeck, as President of Amalgamated Local 259, International Union, United Automobile, Aircraft & Agricultural Implement Workers of America, C.I.O., Respondent.

Supreme Court, Special Term, New York County, March 2, 1949.

*Morris A. Schoenfeld* for petitioner.

*Alexander E. Racolin* for respondent.

Hofstadter, J. The petitioning employer seeks a stay of arbitration under a collective bargaining agreement. The petitioner is in the automotive business in this city and, as part of its business, until August, 1948, operated a new car department which installed accessories and conditioned new cars for delivery to buyers. In August, 1948, the petitioner discontinued this department and since then has had the work formerly done in this department done by an independent concern. This change in the petitioner's method of operation resulted in the layoff of a number of employees for whom the petitioner was unable to find other positions in its establishment.

The respondent union has served notice of intention to proceed to arbitration of the following dispute: "1. Did the Employer act improperly in laying off certain of its employees

and having the work formerly done by said employees done elsewhere."

Is the dispute so formulated arbitrable under the collective bargaining agreement? We seek the answer in the agreement itself. The following are its applicable provisions:

" SECTION 5.— DISCHARGES. The employer agrees that he will not discharge any regular employee except for just cause. Before discharging any employee the Employer will give the Union three (3) days prior notice thereof, in writing, stating reason for the proposed discharge, except that the Employer shall have the right to summarily discharge any employee for drunkenness, gross negligence, gross insubordination, dishonesty or any crime involving employment. The Union shall have the right to intercede on behalf of any employee and may submit the question to arbitration, as provided for herein. Back wages may be awarded in proper cases.

" SECTION 6.— GRIEVANCES & ARBITRATION. Should any employee have a grievance or should any dispute arise between the Employer and the Union, as to the meaning, application, performance or operation of any provision of this agreement, such grievance or dispute shall be taken up for settlement ".

The agreement then prescribes the successive steps to settle disputes, the last of which is arbitration.

Not every controversy between an employer and a union operating under a collective bargaining agreement is arbitrable. It is arbitrable only when it falls within the scope of the agreement fairly construed. (*Matter of International Assn. of Machinists* [*Cutler-Hammer, Inc.*], 271 App. Div. 917, affd. 297 N. Y. 519; *Matter of Belding Hemingway Co.* [*Wholesale & Warehouse Workers' Union*], 295 N. Y. 541). The source of the arbitrator's jurisdiction is the agreement. The agreement must be read sympathetically so that its prime purpose, the preservation of industrial peace, may be attained. Still, it is not to be forgotten that normally the determination of business policy resides in management. Management may, if it chooses, restrict its freedom of action in this field, but its intention to yield its inherent prerogatives must be found in the agreement.

As I read the present agreement it does not encroach on the employer's absolute right, exercised in good faith, to discontinue a department, though this course may impose loss of positions on the employees affected by the change.

I am convinced that the clause dealing with discharges has no relevancy and cannot be invoked in the circumstances.

In *Matter of Berger* (*World Broadcasting System*) (191 Misc. 1043, affd. 274 App. Div. 788), I had occasion to consider a very similar agreement. The conclusion there was that the employer had not confided to arbitrators the right to review his business judgment in abandoning a department. True, in that case, the agreement contained a specific clause which gave emphasis to the employer's freedom in the domain of policy. In my opinion, however, that clause served merely to remove a contrary inference which might have arisen from other clauses. The agreement now before us contains no provision which makes such a saving clause necessary.

The petitioner's good faith is not questioned. I conclude that, though the petitioner's abandonment of its new car department unfortunately caused loss of employment, it did not create an arbitrable dispute under the collective bargaining agreement with the union. The application for a stay of the arbitration is accordingly granted. Settle order.