William H. Munson, J.
In these proceedings petitioner asks for a stay of arbitration of controversies initiated by the respondents. Respondents in cross motions seek to compel arbitration. The motions have been argued together and as the controversies present one question of law. they will be decided together.
The controversies involve the manner in which certain work should be performed and fall into four categories: (1) the use of I.B.M. machines to make computations formerly made manually by tally clerks; (2) the continued use of research and development engineers in making resinoid snagging wheels for experimental purposes; (3) the use of independent contractors on major reconstruction projects, and (4) the use of independent trucking companies for so-called over-the-road transportation.
It is apparently the claim of the unions that the action of the company in these particular matters has deprived employees in the bargaining unit of work which might otherwise have been assigned to them. The question of arbitration of these particular matters depends upon the arbitration clause of the labor *232 agreement which may not be expanded by construction or implication but must be taken as written.
Some arbitration clauses such as those involved in cases cited by the unions make all disputes arbitrable. The clause in the labor agreement here involved is of limited application and restricts arbitration to those disputes which fall within the term “ grievance ” as defined in section 128 of the agreement, to-wit: ‘ ‘ A disagreement as to whether the terms and conditions of this agreement have been properly applied, administered, performed or enforced.”
Petitioner claims that none of the controversies constitute a * ‘ grievance ’ ’, because each involves an exercise of its exclusive right to manage the business enterprise, including the right ‘ ‘ to be the exclusive judge of all matters pertaining to * * * the methods, processes, means and material to be used ” (§ 10). Under the agreement, these management rights are exclusively reserved to the petitioner unless “ specifically abridged, delegated or modified by ” other provisions of the agreement (§ 11). This is merely a reaffirmation of the common-law rule that the right to manage the business belongs exclusively to management. It thus appears that since management rights are not created by the agreement but are simply reaffirmed thereby, a “ grievance ” is not presented when the exercise of management rights is challenged unless such exercise is expressly qualified by other provisions of the agreement.
The unions have not pointed out how the controversies they seek to arbitrate involve an express qualification of management rights. They merely cite sections of the labor agreement and assert that on the arbitration some supposed relevancy might be discovered to exist. That is not enough nor do hypothetical questions not grounded on facts involved here demonstrate an arbitrable grievance. If such were so, it would, in effect, make any controversy arbitrable at the option of the unions since any action taken by petitioner might be said to affect its employees in some way.
For the reasons stated, in my opinion, the action of the petitioner in each of the matters herein involved constituted an exercise of unqualified management rights and none of the controversies constitute an arbitrable grievance.
The court does not pass upon the wisdom of petitioner’s actions nor upon possible equities in the unions’ claims. Those questions are not proper to be examined either by the court on these motions or by an arbitrator.