■ In the Matter of the Arbitration between OTIS ELEVATOR COMPANY, Appellant, and JAMES CARNEY, as President of Local 453, International Union of Electrical, Radio and Machine Workers, AFL–CIO, et al., Respondents.— Appeal from an order denying a stay of arbitration. Order reversed, with $10 costs and disbursements, and stay granted. Appellant entered into a contract with an independent contractor for the cleaning of appellant's offices. Formerly such work was performed by members of respondent union, who have seniority rights under a collective bargaining agreement between the union and appellant. Upon commencement of the new means of cleaning the offices the said employees were transferred to other jobs, in accordance with their seniority rights. The union contends that an arbitrable dispute exists under the arbitration clause of the collective bargaining agreement. That clause provides for arbitration of all disputes, and provides further that the arbitrator has no power to add to, subtract from, nor modify the terms of the agreement. Concededly, the agreement contains no express provision prohibiting appellant from contracting out work. The court is required to determine whether the dispute relates to a matter within the scope of the collective

bargaining agreement and whether it is arbitrable under the arbitration clause thereof. (*Matter of General Elec. Co. [United Elec. Workers]*, 300 N. Y. 262.) Respondent union has failed to carry the burden of establishing the existence of an arbitrable dispute. (Cf. *Matter of Essenson [Upper Queens Med. Group]*, 307 N. Y. 68; *United Steelworkers of America* v. *Warrior & Gulf Nav. Co.*, 168 F. Supp. 702.) Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., not voting.