Edgar J. Nathan, Jr., J.
Petitioner moves to stay arbitration pursuant to subdivision 2 of section 1458 of the Civil Practice Act claiming no arbitrable dispute exists. Respondent is an international representative of the union with whom petitioner has a collective bargaining agreement covering its production and service employees.
In July, 1958, petitioner decided to have the office space connected with its Paterson, New Jersey plant cleaned by an outside cleaning service rather than by two of its employees who had previously been assigned to this work. The two employees, who were within the “ bargaining unit” under the collective *716 bargaining agreement, were assigned to different duties and are still in petitioner’s employ.
On October 31, 1958, respondent demanded arbitration, in accordance with article XVII, (A), of the collective bargaining agreement which provided, in part: ‘1 Any grievance which involves the interpretation or application of this agreement, * * * shall be submitted to arbitration upon request of either the union or the company * * *.” The dispute sought to be arbitrated is the assignment of office cleaning work, normally assigned to employees who were members of the bargaining unit, to persons outside the unit and who are not in petitioner’s employ. Petitioner claims this does not present an arbitrable dispute under the agreement. Respondent contends that the dispute ‘1 involves the interpretation or application ” of the agreement, and is therefore subject to arbitration and that in any event petitioner has waived its right to contest arbitration of this dispute.
This application is governed by the laws of New York. The question of whether or not there is a bona fide dispute between the parties which is subject to arbitration under the agreement, is one of law for determination by the court (Matter of Belding Heminway Co., 295 N. Y. 541; Matter of General Elec. Co. [United Elec. Radio & Mach. Workers of America, C.I.O.], 300 N. Y. 262).
The alleged dispute in question does not involve the “ interpretation or application ” of the terms of the collective bargaining agreement as respondent contends.
Furthermore, the traditional right of petitioner to manage its business and be exclusive judge of policy is raffirmed in article V(2) of the agreement, and this includes the right to contract out work generally, unless it is otherwise specifically limited in the agreement. There is no such limitation to be found in this agreement unless the court construes article I to constitute such a limitation. This article reads as follows :
“ A. The Company agrees to recognize the Union as the sole collective bargaining agent for all production and service employees in its East 25th Street Plant, Paterson, New Jersey, as determined by the National Labor Relations Board in eases No. R-4676, 2R-4135, excluding employees defined in case No. 2RC-881, for the purpose of collective bargaining with respect to rates of pay, hours of work and other conditions of employment. By mutual agreement, there shall be excluded from the coverage of this agreement employees being trained for administrative or staff jobs who receive incidental shop training.
*717 ‘ ‘ B. Supervisory employees and employees outside the coverage of this Agreement will generally not perform work normally assigned to members of the bargaining unit, except in cases of emergency or other unusual situations, when an employee who would normally be assigned to do the work is absent or unavailable, or work performed on new processes, new tools, instructing new employees or ‘ trouble shooting.’ ”
A reading of article I makes it clear that it is not applicable to the facts here presented. There is no prohibition against having work done by an outside agency. The only prohibition is contained in subdivision B of article I which states that ‘1 supervisory employees and employees outside the coverage of this Agreement will generally not perform work normally assigned to members of the bargaining unit ” (italics supplied). Employees ‘‘ excluded from the coverage of this Agreement ” are referred to in subdivision A of article I without mention of independent contractors. Moreover, the term “ employees ” is used throughout this agreement in its usual context. The juxtaposition of these two subdivisions constituting article I of the agreement, as well as the use of the term “employee” elsewhere in the agreement, makes its meaning clear and unambiguous. There is no real ground of claim and the grievance alleged is not an arbitrable dispute under the contract (Matter of General Elec. Co. [United Elec. Radio & Mach. Workers of America, C. 1. 0.], supra; Matter of International Assn. of Machinists [Cutler-Hammer], 271 App. Div. 917, affd. 297 N. Y. 519; Matter of Otis Elevator Co. [Carney], 8 A D 2d 636; Matter of Berger [World Broadcasting System], 191 Misc. 1043, affd. 274 App. Div. 788; Matter of Curry, Inc. [Reddeck], 194 Misc. 527; Carborundum Co. v. Swisher, 17 Misc 2d 231; see, also, Amalgamated Assn. etc. v. Greyhound Corp., 231 F. 2d 585; Standard Refinery Union v. Esso Std. Oil Co., 3 N. J. Super. 548).
Respondent’s contention that the company’s letter of October 16, 1958 constituted a consent to have this dispute submitted to arbitration is without merit. Assuming the court construed that letter as respondent contends, it did not constitute a waiver or submission under the circumstances. Accordingly, the motion for a stay of arbitration is granted.
Settle order.