Van Voobhis, J.
 

 The appellant union and its president appeal from an order of the Appellate Division, Second Department, reversing an order of Special Term, Westchester County, which denied respondent’s motion to stay arbitration, and granting said motion. The agreement between the employer and the union contains a broad arbitration clause (art. VI, § 1) stating that “ All differences, disputes or grievances between the parties that shall not have been settled after following the procedure set forth in Article V [grievance procedure] may be submitted to arbitration upon notice of either party ”.
 

 Respondent contends and the Appellate Division has held that there is no arbitrable dispute. The controversy arises from the discharge by respondent of certain employees who did porter work at the Yonkers plant. Most of these employees were transferred to open jobs in the bargaining unit. The porter job has been continuously performed by employees of respondent since the union was certified as the collective bargaining representative in 1943. Respondent claims to have contracted with an outside corporation to perform this work. Almost all of those who have been laid off are presently employed by respondent in other capacities without loss of seniority. The memorandum decision by the Appellate Division, reversing Special Term, is as follows: ‘ ‘ Appellant entered into a contract with an independent contractor for the cleaning of appellant’s offices. Formerly such work was performed by members of respondent union, who have seniority rights under a collective bargaining agreement between the union and appellant. Upon commencement of the new means of cleaning the offices the said employees were transferred to other jobs, in accordance with their seniority rights. The union contends that an arbitrable dispute exists under the arbitration clause of the collective bargaining agreement. That clause provides for arbitration of all disputes, and provides further that the arbitrator has no power to add to, subtract from, nor modify the terms of the agreement. Concededly, the agreement contains no express
 
 *361
 
 provision prohibiting appellant from contracting out work. The court is required to determine whether the dispute relates to a matter within the scope of the collective bargaining agreement and whether it is arbitrable under the arbitration clause thereof.
 
 (Matter of General Elec. Go. [United Elec.
 
 Workers], 300 N. Y. 262.) Eespondent union has failed to carry the burden of establishing the existence of an arbitrable dispute. (Cf.
 
 Matter of Essenson [Upper Queens Med. Group],
 
 307 N. Y. 68;
 
 United Steelworkers of America
 
 v.
 
 Warrior & Gulf Nav. Co.,
 
 168 F. Supp. 702.) ”
 

 Respondent cites
 
 Matter of Curry, Inc. (Reddeck)
 
 (194 Misc. 527) where the employer contracted out work formerly done by its employees in one of its departments, and
 
 Matter of Berger (World Broadcasting System)
 
 (191 Misc. 1043, affd. 274 App. Div. 788) where the layoff was due to the discontinuance of the department of the business, in both of which cases it was held that no arbitrable dispute was presented. Also cited are
 
 Matter of Twentieth Century-Fox Film Corp. (Screen Publicists’ Guild)
 
 (17 Misc 2d 233);
 
 Matter of Towns & James (Federal Labor Union)
 
 (183 Misc. 181);
 
 Standard Refinery Union
 
 v.
 
 Esso Standard Oil
 
 (31 N. J. Super. 548);
 
 Matter of Carborundum Co. (Swisher)
 
 (17 Misc 2d 231);
 
 Local Union No. 600, United Auto Workers
 
 v.
 
 Ford Motor Co.
 
 (113 F. Supp. 834 [U. S. Dist. Ct., E. D., Mich.]).
 

 Appellant union makes much of a seniority clause in the labor contract, and the circumstance that wages were reduced when the contract was signed in order to retain respondent (Otis Elevator Company) in Yonkers. The inference is sought to be conveyed that respondent became obligated by the contract to stay in Yonkers, and that the contract is violated by farming out to independent contractors any of respondent’s work.
 
 Wood
 
 v.
 
 Duff-Gordon
 
 (222 N. Y. 88, 91) is cited in arguing that although a promise to remain in Yonkers may be lacking, yet the writing is instinct with an obligation to do so. Dispensing with its porters by contracting for the performance of the work with an independent contractor is said to emasculate the bargaining unit piecemeal.
 

 We entertain little doubt that a labor contract such as this does not preclude an employer from discontinuing certain operations essential to his business and letting them out to be
 
 *362
 
 performed by independent contractors. At the outset, however, a determination must be made concerning whether the porter job has in this instance been assigned to a bona fide independent contractor
 
 (Matter of Teschner
 
 [Livingston], 285 App. Div. 435, affd. 309 N. Y. 972). The union contends that this independent contract is merely a subterfuge to get these employees away from the coverage of the collective bargaining agreement. This contention is, in effect, that in actuality it is not an independent contract, but that the nonunion men who are now performing the work are really in the employment of respondent. The transaction is regarded by the union as a mere device to circumvent the labor contract.
 

 In support of the union’s contention that these employees who are now doing this work are in the employ of respondent, affidavit is made by the president of the local stating that only part of the porter’s job involving maintenance of the office area has been taken away from employees in the bargaining unit, that the porter job is and has always been an integral and inseparable part of the company’s operation of its Yonkers plant, and that the persons who are performing the night porter work in the office area as ostensible employees of the independent contractor are actually doing this work in the same manner as other porters in other areas of the plant who are concededly in the direct employ of respondent. This work is averred to include such items as sweeping and disposing of refuse, cleaning toilets, washrooms, dressing rooms and other general porter and cleaning work. These employees who, it is claimed, are employed by an independent contractor, this affiant avers, use the same equipment and supplies that the other porters use, and the new workers who are claimed to be working for the independent contractor are, this affidavit states, subject to direct or indirect control and supervision of respondent regarding the details of the work.
 

 These features of the new operation, it is argued, tend to establish that the independent contractor arrangement is color-able only and that these new employees are actually working for respondent itself. We are not called upon to decide whether this contention is true, but under the circumstances of the case enough has been shown in our judgment to create an arbitrable dispute concerning whether, at the time in question, these porter
 
 *363
 
 employees were really working for respondent. If that was the true fact, and if the independent contract is merely what is known in common parlance as window dressing, the union might be entitled to relief. We make no intimation concerning what is the true fact, but hold that it is for the arbitrators to determine whether this was a bona fide independent contract.
 

 The order appealed from should be reversed and that of Special Term denying a stay should be reinstated, with costs to appellants in this court and in the Appellate Division.
 

 Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Burke concur.
 

 Order reversed, etc.