In the Matter of the Arbitration between ALBERT J. FITZGERALD, as President of United Electrical, Radio & Machine Workers of America (UE), Petitioner, and GENERAL ELECTRIC COMPANY, Respondent.

Supreme Court, Special Term, New York County, July 2, 1962.

Frank J. Donner and Robert Z. Lewis for petitioner. Nordlinger, Riegelman, Benetar & Charney (David L. Benetar, Thomas F. Hilbert, Jr. and Robert C. Isaacs of counsel), for respondent.

JACOB MARKOWITZ, J. This is a petition to compel arbitration. The dispute arises out of respondent's decision to subcontract janitorial services rather than use its own employees for that purpose. Petitioner relies on an arbitration clause in the collective bargaining agreement which permits arbitration of, among other things, disputes arising out of " the interpretation or application of a provision of this agreement." The provision allegedly in dispute is article I of the agreement entitled " Union Recognition " which recognizes petitioner as exclusive bargaining agent for certified bargaining units of respondent's employees for the purpose of " collective bargaining in respect to rates of pay, wages, hours of employment and other conditions of employment." It appears that the specific question as to limitation of respondent's right to subcontract was raised during the negotiation of the agreement but was rejected by the company and not incorporated in the agreement. From the foregoing the court can reach no other conclusion than that the dispute in question does not involve interpretation or application of any provision of the collective bargaining agreement. Absent any provision to the contrary, the decision of respondent to engage in subcontracting must be considered within the traditional confines of management prerogative as reaffirmed in article 27 of the agreement in question (Matter of General Elec. Co., 17 Misc 2d 715). Petitioner's reliance on the recently enacted section 1448-a of the Civil Practice Act is misplaced. (L. 1962, ch. 346.) That section overrules the so-called Cutler-Hammer doctrine (Matter of International Assn. of Machinists, 297 N. Y. 519) and provides that in determining arbitrability " the court or judge shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute." This section merely precludes the court from inquiring into the bona fides of a dispute, but does not take away the court's function to determine

whether the arbitration agreement itself is broad enough to encompass the dispute. Moreover, even if section 1448-a were applicable to the situation at bar, its effect is obviated by a specific provision in the agreement itself that arbitration shall proceed " only after the final judgment of a court has determined that the grievance upon which arbitration has been requested raises arbitrable issues and has directed arbitration of such issues." The petition is, accordingly, dismissed.